FLEMING, EXECUTOR OF M'DONALD, v. SHERIFF LORD.

The granting of a new trial vacates the former judgment.

ACTION for the escape of one Bates. Not guilty plead. Issue to the jury — who find the following facts in a special verdict, viz.

That the plaintiff recovered judgment against said Bates in the County Court, in September A. D. 1786 for £252 11s. 9d. debt and cost and had execution for said sum, dated the 4th of October A. D. 1786; upon which said Bates was committed to gaol on the 14th of November A. D. 1786; that upon the petition of said Bates, the County Court in March A. D. 1788 granted him a new trial in said cause; that after granting said new trial, viz. on the 30th of said March, he left the gaol and went home; that upon a new trial in said cause, had in September A. D. 1788, said Fleming recovered judgment for only £90 damages; that said Fleming brought a writ of error against said judgment to the Superior Court in August A. D. 1789; upon which, both the judgment upon the petition for a new trial, and in the action upon said new trial, were reversed; and judgment rendered against said Bates for £28 damages, for the interest upon said first judgment; for which Fleming had an execution, which he levied upon the body of said Bates and committed him to gaol:   That the judgment of the Superior Court, was affirmed in the Supreme Court of Errors.   Also that the original action against Bates was by attachment; that his body was taken, and that he had procured and given special bail.   Upon which facts the jury doubted and put the question of law to the court.

Judgment of the court upon the facts aforesaid, is — That the defendant is not guilty.

By the COURT.   The question, in this case is, what the legal effect and operation of granting a new trial, is, upon the

former judgment. By the rules of law in England, an erroneous judgment when reversed, is to most purposes as though no such judgment had ever existed. By the decisions in this state, an erroneous judgment reversed, has notwithstanding, been considered, as a final judgment for the purpose of exonerating the bail; Butler v. Bissel was so determined, contrary to the English authorities. But as the granting of new trials, after a final judgment is in a manner peculiar to this country; very little light is to be derived from the English authorities upon the subject; it must therefore be decided by our own laws and practice.

It ought not to be in the power of the party in whose favor a new trial is granted, to injure and defraud the adverse party. But is the former judgment, upon the granting of a new trial made void, or only suspended? The design of granting new trials, is to see whether the former determination was right or not; if upon the new trial it is found to be right, why should it not be executed — if found to be partially wrong, let it be rectified, so far — if found to be totally wrong, then let the whole be avoided by a contrary judgment — the former judgment then would remain as a security until the new trial was had; this would avoid many of the difficulties which might arise in such cases. A new trial might be granted to a debtor without prejudice to the creditor, except the delay it might occasion; the judgment would remain and if he was imprisoned on it he must continue there until the new trial was had, or procure bonds to pay the judgment that should be finally rendered against him, or surrender himself back to prison upon the execution; in either of these cases the gaoler would be at no loss as to his duty.

But the court decided this case upon the principles of former practice — who have considered the granting of a new trial as setting aside the former judgment; and upon that ground have always rendered a new judgment upon the new trial; although the determination was precisely the same as the former; and since such a practice had obtained, and there are no decisions to the contrary, it would be catching the gaoler to vary from it.